AUSTIN P. NAGEL, ESQ.
California State Bar #118247
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 305
San Ramon, California 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorneys for Lessor,
NISSAN - INFINITI, LT

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | Case No. 10-14260 AJ<br>(Chapter 13 Proceeding) |
| JOHN M. MARTINEZ and<br>CORINA J. MARTINEZ-ZAVALETA, | R.S. No. APN-1721 |
| Debtors.<br>_____/ | MOTION BY LESSOR, NISSAN - INFINITI, LT, FOR RELIEF FROM AUTOMATIC STAY RE: 2009 NISSAN CUBE (V.I.N. JN8AZ28R89T106138)[(11 U.S.C. §362(d)(1), 11 U.S.C. §362(d)(2)] |
| | Date: February 24, 2011<br>Time: 9:00 am<br>Judge: Alan Jaroslovsky<br>Ctrm: 99 S. "E" Street,<br>       Santa Rosa, CA |

This is a core proceeding as defined by the United States Bankruptcy Code and this creditor consents to a final Order or Judgment by the above-entitled Court.

The above-entitled Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §157(a), et seq. and 28 U.S.C. §1334, et seq.

PLEASE TAKE NOTICE that as specified above, Lessor NISSAN - INFINITI, LT (hereinafter referred to as "Lessor"), a Lessor of Debtors, JOHN M. MARTINEZ and

CORINA J. MARTINEZ-ZAVALETA, (hereinafter collectively referred to as "the Debtor") will move this Court to vacate the automatic stay entered in this proceeding as it pertains to the 2009 Nissan Cube (V.I.N. JN8AZ28R89T106138) (hereinafter referred to as "the property"), so that Lessor's interest in and to the property may be foreclosed or otherwise disposed of in any manner permitted by the laws of the State of California.

PLEASE TAKE FURTHER NOTICE that there is no provision under the prevailing contractual agreement or under California State law which requires Lessor to send monthly invoices or payment coupons and Lessor contends that upon assignment of the contract to Lessor the Debtor was, in the normal course of business, informed of the identity of the holder of the contract, the amount of the monthly payment, the date upon which the monthly payment is due, and the address to which monthly payments should be sent. Additionally, Lessor contends that the Debtor was also admonished not to rely upon the receipt of monthly statements or payment coupons in order to make the monthly payments.

PLEASE TAKE FURTHER NOTICE that as specified above, pursuant to the terms of the prevailing contractual agreement, Lessor will move the above-captioned Court to award it reasonable attorneys' fees, as incurred herein.

This Motion is made on the grounds that the prevailing contractual agreement is in default and that Lessor is without adequate protection because the monthly payments due thereunder are delinquent and the Debtor is still in possession of the property.

Accordingly, Lessor cannot be assured of repayment of the outstanding balance on the account which is the subject hereof nor can it be assured of the proper operation, care, and/or maintenance of the property. Therefore, Lessor lacks the adequate protection it is entitled to receive pursuant to the applicable provisions of 11 U.S.C. §362.

Lessor will move the Court to exercise its jurisdiction in this matter and grant Lessor immediate relief from the pending automatic stay provisions which will allow Lessor to take

immediate possession of the property and dispose of the same during the normal course of business.

Lessor will further move the above-captioned Court to terminate the pending automatic stay provisions to allow Lessor to send to any party or parties protected by the stay under the following, applicable provisions of 11 U.S.C.§§362, any and all notice required by State and/or Federal law, regulation or statute.

Also, Lessor will move the Court to grant such other and further relief as the Court may deem just and proper.

This Motion is based on the Notice of Motion, the Motion, the Declaration of Krystal Tanner, the pleadings and papers on file in these proceedings and such further oral and documentary evidence as may be presented at the time of hearing on this matter.

WHEREFORE, Lessor respectfully prays that this Court:

1. Vacate the automatic stay provisions effected under 11 U.S.C. §362, along with any and all other stays which might be in effect, so as to allow Lessor to enforce its rights and remedies under the parties' original, contractual agreement and thereby allow Lessor to gain immediate possession of the property and dispose of the same in a commercially-reasonable sale;

2. Terminate the pending automatic stay provisions to allow Lessor to send to any party or parties protected by the stay under the following, applicable provisions of 11 U.S.C. §§362, any and all notice required by State and/or Federal law, regulation or statute;

3. Allow Lessor to file or amend its unsecured claim to allow Lessor to receive, or otherwise collect, any deficient amount that may exist on the subject account after sale of the property;

4. Award Lessor payment of such attorneys' fees and costs as may be reasonable;

5. Waive the provisions of Federal Rules of Bankruptcy Procedure, Rule 4001(a)(3); and,

6. Grant such other and further relief as the Court may deem just and proper.

Dated: January 19, 2011                     LAW OFFICES OF
                                            AUSTIN P. NAGEL


                                            /s/ Grace E. Feldman
                                            _____
                                            Attorneys for Lessor,
                                            NISSAN - INFINITI, LT

NILTBK.411